IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL WHITEHEAD,

    Plaintiff,

v.

GERALD ROZUM; *ET AL.*,

    Defendants.

Civil Action No. 3:11-102
District Judge Kim R. Gibson
Magistrate Judge Cynthia Reed Eddy

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (ECF No. 12) be granted.

**II. REPORT**

Plaintiff, Carl Whitehead, is a Pennsylvania inmate currently housed at the State Correctional Institution at Somerset, Pennsylvania. He commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the following Defendants employed at SCI-Somerset: Superintendent Gerald L. Rozum; Grievance Officer Roger Smith; Chief Grievance officer Dorina Varner; and Director of the Office of Professional Responsibility James C. Barnacle. Plaintiff alleges that in July, 2009, the laundry room at SCI-Somerset lost a pair of his sweatpants and one of his sweatshirts. He filed a grievance, which was denied by Mr. Smith. Plaintiff then appealed to Superintendent Rozum and Ms. Varner, who denied his appeals. He also claims that he sent a letter to OPR Director Barnacle, but never heard back. He sues Defendants both in their official and individual capacities. Based on the loss of his sweatpants and sweatshirt, Plaintiff purports to raise civil rights claims under 42 U.S.C. § 1983 for alleged violations of his rights as protected by the Eighth and Fourteenth Amendments, as well as a state law tort claim. For the reasons that follow, Defendants' Motion to Dismiss should be granted.

1

A. <u>Standard of Review</u>

Presently pending is a Motion to Dismiss filed by Defendants (ECF No. 12). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn</u>, 373 U.S. 746, 753 n. 6 (1963).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v.Twombly</u>, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp.</u>, 550 U.S. at 555. *See also* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. <u>Pension Benefit Guar. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably

authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir.1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688).

### B. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

To establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly,

individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. In the prison setting, where a grievance alleges an ongoing constitutional violation, a supervisory defendant who reviews it is personally involved in that violation because he is confronted with a situation he can remedy directly. Carter v. Smith, Civil No. 08-279, 2009 WL 3088428, 6 (E.D. Pa. Sept. 22, 2009). *See also* Atkinson v. Taylor, 316 F.3d 257, 270 (3d Cir. 2003).

### C. Official Capacity

Plaintiff seeks to assert liability against Defendants in their official and individual capacities. A suit against a state government official in his official capacity is really a suit against the state. Will v. Michigan Department of State Police, 491 U.S. 58 (1989). Thus, a suit against Defendants in their official capacity is considered a suit against the Commonwealth of Pennsylvania. *See* Callahan v. City of Philadelphia, 207 F.3d 668 (3d Cir. 2000). Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution. In this regard, the withdrawal of jurisdiction in the Eleventh Amendment confers upon the individual states immunity from suit in the federal courts. This grant of sovereign immunity encompasses not only suits in which a state is a named defendant but also extends to suits brought against state agents and state instrumentalities that have no existence apart from the state, *see* Regents of the University of California v. Doe, 519 U.S. 425 (1997); Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Notwithstanding, the immunity provided in the Eleventh Amendment is not absolute. A state may expressly waive its grant of sovereign immunity by state statute or constitutional provision. In addition, Congress can abrogate the States' Eleventh Amendment immunity through a statute enacted under constitutional authority granting Congress the power to regulate the activities of the states. *See, e.g.*, Pennsylvania v. Union Gas Co., 491 U.S. 1, 15 (1989) (Commerce Clause, which allows Congress to restrict interstate trade activity); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 246 (1985) (section five of the Fourteenth Amendment, which allows Congress to enforce the provisions of the Fourteenth Amendment). However, Congress must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996); Atascadero, 473 U.S. at 246.

The Commonwealth of Pennsylvania has not waived its grant of sovereign immunity under the Eleventh Amendment. In fact, the Commonwealth specifically has reserved its immunity against federal suits in 42 Pa. Cons. Stat. § 8521(b), which provides that "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." None of the exceptions to sovereign immunity contained in 42 Pa. Cons. Stat. § 8522 are applicable to the Plaintiff's allegations. Moreover, the federal courts repeatedly have held that Congress did not abrogate the state's Eleventh Amendment immunity when it enacted the Civil Rights Act, 42 U.S.C. § 1983. *See, e.g.*, Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); Quern v. Jordan, 440 U.S. 332, 341 (1979); Boykin

v. Bloomsburg Univ. of Pa., 893 F. Supp. 378 (M.D. Pa. 1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), aff'd, 91 F.3d 122 (3d Cir. 1996). Consequently, Plaintiff's Complaint must be dismissed against all of the Defendants in their official capacity. *Accord* Johnson v. Wenerowicz, 440 F. App'x 60, 62-63 (3d Cir. 2011) (affirming District Court's conclusion that the Eleventh Amendment affords DOC defendants protection from suit in their official capacities); Tindell v. Beard, 351 F. App'x 591, 595 (3d Cir. 2009) (same); Walker v. Beard, 244 F. App'x 439 (3d Cir. 2007) (noting, however, that the Eleventh Amendment did not bar state prisoner's request for injunctive relief against secretary of corrections with respect to alleged ongoing violations of federal law).

### D. Alleged Loss of Plaintiff's Property

Plaintiff alleges that he lost a sweatshirt and a pair of sweatpants when they were not returned to him after he left with them with the laundry department in his commissary bag. This claim invokes the protections of the Due Process Clause of the Fourteenth Amendment, which prohibits the state from depriving an individual of life, liberty or property without due process of law. Ordinarily, the concept of "due process" requires some kind of hearing before the state can deprive a person of a protected interest. Zinermon v. Burch, 494 U.S. 113, 126 (1990) (collecting cases). However, in cases of random and unauthorized deprivations of property the State cannot predict when the loss will occur and, therefore, is unable to provide a meaningful hearing before the deprivation takes place. Thus, in Parratt v. Taylor, 451 U.S. 527 (1981), the Supreme Court determined that, with respect to negligent, random and unauthorized acts by state actors that result in the loss of a protected interest, a plaintiff does not suffer a violation of procedural due process if he or she has an adequate post-deprivation remedy. In Hudson v.

6

Palmer, 468 U.S. 517 (1984), the Supreme Court extended the rule in Parratt to apply to intentional acts by state actors.

To the extent that he is alleging a procedural due process claim with respect to the destruction of his property, Plaintiff fails to state a claim upon which relief may be granted because he had an adequate post-deprivation remedy available to protect his due process rights through the DOC administrative grievance procedures. In Hudson, 468 U.S. at 536, n.15, the Supreme Court noted that an inmate grievance procedure would provide a meaningful post-deprivation remedy if available. Plaintiff had available a grievance procedure through which he could have raised his claim concerning his lost property. The fact that an inmate is not successful in his grievance pursuit does not undermine the procedure's adequacy as a post-deprivation remedy. *See, e.g.*, Austin v. Lehman, 893 F. Supp. 448, 454 (E.D. Pa. 1995).

The federal courts in Pennsylvania unanimously have held that DOC's grievance procedure is an adequate post-deprivation remedy for purposes of protecting due process rights. *See* Pettaway v. SCI Albion, Civil No. 12-1396, 2012 WL 1850919, 2 (3d Cir. 2012) (dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); Jackson v. Taylor, 467 Fed. App'x 98, 100 (3d Cir. 2012); Crosby v. Piazza, 465 Fed. App'x. 168 (3d Cir. 2012); Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)); Robinson v. Ridge, 996 F. Supp. 447, 450 n.4 (E.D. Pa. 1997), *aff'd*, 175 F.3d 1011 (3d Cir. 1999) (Table); Rogers v. Mrs. Brown, Civil No. 95-7867, 1996 WL 608473, *2 (E.D. Pa. Oct. 24, 1996). Because Plaintiff had an adequate post-deprivation state remedy, Defendants are entitled to judgment as a matter of law to the extent that Plaintiff is asserting a procedural due process claim regarding the destruction of his personal property.

Even if Plaintiff is alleging that the Defendants acted negligently, the holding in <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) bars his claim. <u>Daniels</u> holds that "the Due Process clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." <u>Daniels v. Williams</u>, 474 U.S. at 328. Hence, to the extent that Plaintiff's putative claim rests on the negligent actions of Defendants, such a claim fails to state a claim upon which relief can be granted.

### E. <u>DOC's Grievance System</u>

Plaintiff also alleges that he has been denied meaningful access to the DOC grievance process. In order to state a claim for relief under the Due Process Clause of the Fourteenth Amendment, a plaintiff must set forth facts that demonstrate that he had a "protected liberty interest" that was impaired by the defendants actions. <u>Hewitt v. Helms</u>, 459 U.S. 460 (1983); <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972).

The due process clause does not, in and of itself, confer upon an inmate a right to pursue grievance proceedings against prison officials. <u>Leavitt v. Allen</u>, 46 F.3d 1114 (Table), 1995 WL 44530 (1st Cir. Feb. 3, 1995). Furthermore, prison regulations which establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures. *See* <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1996); <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). Accordingly, to the extent that Plaintiff alleges that Defendants failed properly to investigate, process, and/or consider his grievance, such allegation cannot support a constitutional claim. Consequently, Defendants are entitled to judgment as a matter of law with respect to such claim.[1]

---

[1] To the extent Plaintiff seeks to impose liability on the basis of Defendants' actions in responding to his grievances and appeals, he fails to state a claim. It is well established that

8

Plaintiff also has attempted to assert liability against Defendants based on his allegation that they were engaged in some sort of conspiracy. In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)). A plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants. Bieros v. Nicola, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). *See also* Loftus v. Southeastern Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

In the instant action, Plaintiff has failed to allege any facts showing an agreement or plan formulated and executed by any of the Defendants to achieve a conspiracy. Absent allegations showing any agreement to deny Plaintiff's rights, Plaintiff's bald allegations of conspiracy are insufficient to state a claim upon which relief can be granted. *See, e.g.*, Watson v. Secretary Pennsylvania Dept. of Corrections, 436 Fed. App'x 131, 137 (3d Cir. 2011) (upholding dismissal of plaintiff's conclusory allegations of conspiracy as insufficient to state a claim for relief).

---

contemporaneous knowledge and acquiescence in an alleged violation is required to establish personal knowledge. Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal knowledge. See Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006); Quijada v. Bledsoe, Civil No. 08-2022, 2011 WL 1303224, 4 (M.D. Pa. March 31, 2011).

## F. Equal Protection

Plaintiff further claims that Defendants violated his rights as protected by the Equal Protection Clause. The Equal Protection Clause requires that all people similarly situated be treated alike. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To bring a successful claim for a denial of equal protection, a plaintiff must prove the existence of purposeful discrimination. Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 196 (3d Cir. 2009). In other words, a plaintiff must show that he "was intentionally treated differently from others similarly situated ... and that there was no rational basis for such treatment." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 243 (3d Cir. 2008).

Plaintiff does not allege facts showing that he was treated differently from similarly situated inmates or that there was no rational basis for his different treatment. Thus, this claim should be dismissed. *Accord* Carson v. Mulvihill, Civil No. 10-1470, 2012 WL 2878192, 7-8 (3d Cir. July 16, 2012); Hall v. Zickefoose, 448 Fed. App'x 184 (2011); Tennille v. Quintana, 443 Fed. App'x. 670, 673 (3d Cir. 2011).

## G. Eighth Amendment

Plaintiff also cites to the Eighth Amendment as a basis for liability in this action. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Supreme Court has explained that the analysis of a claimed Eighth Amendment violation involves a two pronged inquiry: 1) an objective inquiry into the qualitative nature of the harm suffered from the punishment and 2) a "subjective inquiry" into the mind of the person inflicting the harm. *See* Wilson v. Seiter, 501 U.S. 294 (1991).[2]

---

[2] Technically, the Eighth Amendment applies to the states through the Fourteenth Amendment. *See* Estelle v. Gamble, 429 U.S. 97, 101-02 (1976). The standards of the Eighth Amendment

The Court of Appeals for the Third Circuit has cautioned that the objective inquiry requires proof that "the deprivation was sufficiently serious to fall within the Eighth Amendment's zone of protections.... If not, our inquiry is at an end." Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). In other words, although the "objective component of a cruel-and-unusual-punishment claim focuses on the harm done[,]" Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000), "not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Fuentes, 206 F.3d at 344 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotes omitted). In determining whether a harm "was sufficiently serious to fall within the Eighth Amendment's zone of protections," Fuentes, 206 F.3d at 344, the guidepost is whether the prisoner has been deprived of the "minimal civilized measure of life's necessities." Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992) (internal quotes omitted). To establish that one has been deprived of the minimal civilized measure of life's necessities, a prisoner must demonstrate the deprivation of "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety [from physical assault] ." Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

Here, Plaintiff's allegations of lost clothing simply can not provide the basis for an Eighth Amendment violation. Accordingly, Defendants are entitled to judgment as a matter of law as to this claim.

## H. Frivolous

Finally, it appears that this suit may be frivolous as well. Plaintiff complains that the Defendants lost a sweatshirt and sweat pants valued, by him, at $43.73. Because the value of

---

barring the federal government from inflicting cruel and unusual punishments are the standards applicable to the States through incorporation by the Fourteenth Amendment's Due Process Clause. Sistrunk v. Lyons, 646 F.2d 64, 66-67 (3d Cir. 1981). With this understanding the court will simply refer to the Eighth Amendment in its discussion.

these items are far below the cost of the filing fee in this action, *i.e.*, $350.00 plus the costs of service or waiver thereof, the suit is frivolous. *See, e.g.*, Deutsch v. U.S., 67 F.3d 1080, 1089-90 (3d Cir. 1995) (to find that a prisoner's claim is frivolous, "a court must be satisfied that the record supports a finding that a reasonable paying litigant would not have filed the same claim after considering the costs of suit. Accordingly, the court must first find the actual amount in controversy under the claim presented and determine whether the amount in controversy is less than the expense of the court costs and filing fees. If the court so determines, then the claim is a candidate for dismissal as frivolous") (footnote omitted); Miller v. Horn, 1996 WL 420827, *1 (E.D. Pa. 1996) ("It appears that the value of the property of which plaintiff claims he was deprived may well not exceed $120" [i.e. the filing fee at the time]).

In addition, taking into account the nature of confinement in a penal institution and the nature of Plaintiff's complaint, the court finds that Plaintiff does not have a meaningful non-monetary interest at stake such as to render this suit other than frivolous. *See* Deutsch v. U.S., 67 F.3d at 1090 ("The court must next determine whether the litigant has a meaningful non-monetary interest at stake under the claim, such that service of the complaint and an allocation of the court's resources for its adjudication are warranted, despite the fact that the claim is economically trivial.").

The Court finds that Plaintiff does not have a meaningful non-monetary interest at stake. Thus, it would appear that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and/or as frivolous because the apparent value of the property taken is much less than the cost of the filing fee of $350.00 and there does not appear to be a meaningful non-monetary interest at stake. *Accord* Morales v. Beard, Civil No. 09-162, 2009 WL 2413425, 7 (W.D. Pa. July 31, 2009); Foskey v. Beard, Civil

No. 05-1566, 2007 WL 2343861 (W.D. Pa. Aug. 15, 2007); Hughes v. Kostingo, Civil No. 05-1283, 2006 WL 367890 (W.D. Pa. Feb. 15, 2006).

I. Supplemental Jurisdiction over the State Law Claims Should be Declined

Given the recommendation to dismiss the federal law claims, the Court recommends that the District Court decline to exercise supplemental jurisdiction over the state law claims raised by Plaintiff because there does not affirmatively appear on the record any reason for the court to exercise supplemental jurisdiction over the state law claims. *See, e.g.*, Boneburger v. Plymouth Township, 132 F.3d 20, 23 n. 1 (3d Cir.1997) ("where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.' ") ( quoting Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir.1995)). *See also* 28 U.S.C. § 1367(c)(3), which permits a district court to decline to exercise supplemental jurisdiction over a state law claim if it has dismissed all claims over which it has original jurisdiction.

In light of the recommended disposition of the federal law claims, the Court should decline to exercise supplemental jurisdiction over the state law claims.

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of

service of the objections to respond thereto.  Failure to timely file objections will constitute a waiver of any appellate rights.

August 7, 2012

Carl Whitehead
EK 5805
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

/s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge